IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD P. MELVIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUSTIN KALMBACH, Public Defender, Kalmbach Law Office, PLLC and JAMES LAPOTKA, Lake County Attorney, Lake County Attorney's Office,<br><br>　　　　　　Defendants. | CV 23–140–M–DLC<br><br><br>ORDER |

　　United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation in this case on August 21, 2024, recommending that the Court dismiss Plaintiff Ronald P. Melvin's Complaint (Doc. 11) for failure to state a claim upon which relief can be granted. (Doc. 23.) Plaintiff timely objected and is thus entitled to *de novo* review of those findings and recommendations to which he has specifically and properly objected. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). For the reasons herein, the Court adopts Judge DeSoto's Findings and Recommendation in full.

1

## Background[1]

On November 17, 2023, Plaintiff—who is proceeding pro se—filed this 42 U.S.C. § 1983 action against Defendants James Lapotka ("Lapotka"), Lake County Attorney and Justin Kalmbach ("Kalmbach"), Plaintiff's former public defense attorney, claiming that Defendants violated his civil rights by issuing three citations for driving under the influence ("DUI"). (Doc. 11 at 5, 6.) Plaintiff requests that the Court expunge the DUI citations and award him $2,535,000 in punitive damages. (Doc. 11 at 12.)

In December 2023, Defendants filed two motions to dismiss alleging that Plaintiff failed state a claim upon which relief can be granted. (Docs. 9, 15.) On August 21, 2024, Judge DeSoto issued an order recommending that the motions be granted and this case dismissed. (Doc. 23.) On September 5, 2024, the Findings and Recommendation was returned as undeliverable with a notation stating: "Return to Sender No Such Street Unable to Forward". (Doc. 24.) The Court ordered that Plaintiff update his mailing address by October 7, 2024, or face dismissal of his Complaint; on September 24, 2024, Plaintiff filed a Response to the Court's order (Doc. 26) and on September 26, 2026, Plaintiff filed objections to the Findings and Recommendation (Doc. 27).

---

[1] The following facts are taken from the Complaint and are assumed to be true for the limited purposes of resolving Defendants' motions to dismiss.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). "In general, the [Rule 12(b)(6)] inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff"; however, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (internal citation omitted).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be

3

given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

## DISCUSSION

*De novo* review requires that Plaintiff's objections be both specific and proper. *Reyna-Tapia*, 328 F.3d at 1121. A proper objection must "itemize" each factual finding and recommendation to which objection is made, "identifying the evidence in the record the party relies on to contradict that finding…[and] setting forth the authority the party relies on to contradict that recommendation." D. Mont. L.R. Civ. 72.3(a) (Dec. 1, 2023).

Here, Plaintiff merely restates some of the factual and procedural background underlying this case, his allegations against Defendants, and his requested relief. (Doc. 27 at 1–2.) Plaintiff also claims that two other cases before this Court—*Plaintiff v. Lake County Sheriff's Office*, No. CV 23-136-M-DLC-KLD (D. Mont. Nov. 11, 2023) and *Plaintiff v. Livingston*, CV 24-64-M-DLC (D. Mont. May 13, 2024)—will substantiate his claims against Defendants. (Doc. 27 at 2–3.) Both *Lake County Sheriff's Office* and *Livingston* contain similar allegations to those at issue here: that defendants intentionally wrote felony DUI citations in contravention of Plaintiff's civil rights. Even when liberally construed, however, these statements and arguments are neither specific nor proper.

Absent a proper objection, the Court reviews findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Reviewing Judge DeSoto's Findings and Recommendation for clear error, the Court finds none. Judge DeSoto accurately assessed Defendants' motions to dismiss, and the Court finds no error in Judge DeSoto's application of the law to the facts of this case.

## CONCLUSION

Accordingly, IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendation (Doc. 23) are ADOPTED IN FULL;

2. Defendants' Motion to Dismiss (Docs. 9 and 14) are GRANTED and Plaintiff Ronald Melvin's Complaint (Doc. 11) is DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and

3. The Clerk of Court is directed to enter, by separate document, judgment of dismissal and to close this matter. No further filings will be accepted.

DATED this 21st day of October, 2024.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court

5